## Nyce v. Tyson et al.

*Larzelere & Wright,* for plaintiff; *Harry I. Hiestand,* for defendants.

KNIGHT, J., April 1, 1932.—This is an interesting case, and, so far as counsel and the court have been able to discover, one of first impression.

The defendants are automobile dealers at Royersford. On May 27, 1930, the plaintiff purchased from the defendants an automobile, which was represented to him to be a Chrysler 1930 Imperial roadster, about five months old, and in good condition. In November of the same year, the plaintiff was told that his car was a 1929 model. This suit was brought to recover the difference in market value between a 1929 and a 1930 car as of May 27, 1930. The defendants did not deny the representation to the plaintiff, but contended that the car was, as represented, a 1930 model.

Was the car a 1929 or a 1930 Chrysler Imperial roadster? This question was submitted to the jury as a question of fact, and that body rendered a verdict for the plaintiff in the amount of $975.45.

The defendants have moved for a new trial, assigning nine reasons in support of their motion. The first three are the formal complaints relating to the law and the weight of the evidence. We feel it unnecessary to discuss them, for if there was no error in admitting evidence, the verdict is in accord therewith.

That automobiles are spoken of, bought, sold and traded by year models is a matter of general knowledge. We constantly speak of cars as a 1929 Chrysler, a 1930 Buick or a 1931 Ford, as the case may be. But when we come to consider what determines whether a car is of a particular year's model we encounter much difficulty, as witness this case.

The automobile in question was first sold from the Chrysler factory branch in Philadelphia on July 25, 1929, and was manifestly built before that date. The year of manufacture or sale, however, is not controlling, for admittedly new year models are put out by automobile manufacturers prior to the first of the year. Nineteen hundred and thirty-two models were generally issued in 1931. The evidence here as to the date of issue to the general public of the new models in Chryslers, in the year 1929, is in conflict, the plaintiff's witnesses naming October and the defendants' August 1st.

When distinctive changes in design, style, construction or equipment are made in new models, the presence of these features in a car is at least persuasive evidence that the automobile is of that particular year's model. The distinctive feature of the 1930 Chrysler Imperial roadster was a four-speed transmission, and this car had such a transmission. ·

The experts for the defendants testified that the car in question was a 1930 model Chrysler and that no change was made in the Chrysler Imperial roadster between the date when this car was first sold by the factory branch and the time it was purchased by the plaintiff.

The expert for the plaintiff testified that the car was a 1929 model, and a careful examination of his testimony shows that he based his opinion not upon the design, construction, appearance or equipment of the car, but upon the information contained in two books, known to the automobile trade as the "Brown Book" and the "Red Book." The rulings of the court in permitting this witness to refer to the "Brown Book" and the introduction of the "Red Book" into the evidence, both over objection, are assigned as the first and third additional reasons for a new trial and are the only reasons requiring serious consideration.

The evidence shows, and indeed it is a matter of common knowledge, that all automobiles are given numbers by their manufacturers. This is made necessary for identification in titling, licensing, insuring and for various other purposes. The two books above mentioned show what numbers of the Chrysler Imperial roadster were considered 1929 cars and what were considered 1930 cars. The machine in question bears a number which falls within the 1929 group as contained in the books.

There can be little doubt that these books were an important if not a determining factor in the verdict, and if it was error to admit the "Red Book" in evidence and allow reference to the "Brown Book" to be made, a new trial should be granted.

Marburger, the expert called by the plaintiff, says of the "Red Book:"

"A. It is a book that shows every model automobile built in America and determines the year. Q. Who is the Red Book prepared by? A. The National Used Car Market Report in Chicago. It is recognized by all automobile dealers."

As to the "Brown Book," the witness said that it contained much the same information as the "Red Book," and that it was obtained by the witness from the Chrysler Company when he was a dealer for that company.

Paul Tyson, one of the defendants, an automobile dealer, denied that the "Red Book" was recognized as fixing the year of the car, but admitted that it was recognized in financing.

The use of the "Red Book" by automobile dealers is a matter of such general knowledge as to be almost a subject of judicial notice. Everyone who has attempted to trade in a second-hand automobile, and that includes most of us, is familiar with that red-covered volume which the dealer consults before he places a value on the car. Books of this general character, such as commercial lists, registers and reports, have been admitted by the court as exceptions to the hearsay rule, on the grounds of necessity or the circumstantial guaranty of their trustworthiness. See Wigmore on Evidence, paragraphs 1421 and 1422. Thus in Slocovich et al. v. Orient Mutual Ins. Co., 108 N. Y. 56, a witness was permitted to testify as to the value of a ship he had never seen by using the "American Lloyds," the "Green Book" and the "Record Book," all of which were used by underwriters and merchants with reference to the standing, condition, age and character of ships.

We have examined many cases and textbooks, and while the authorities seem to be somewhat in confusion, the general rule appears to be that such records as the "Red Book" are accepted as evidence of past events, or of matters susceptible of exact ascertainment, if it is shown that the work was prepared by one having direct acquaintance with the subject matter, that it was intended to be publicly circulated and consulted by persons interested and informed, that it

has been tested by use and found by experience to be trustworthy and actually relied upon as a basis of transactions in trade.

The weakness of the present record appears to be that the character, authorship and authority of the "Red Book" was not sufficiently proved. There is no evidence of how the information contained in the "Red Book" or the "Brown Book" was obtained. There should have been some evidence to show how long the book had been published and how generally it is relied upon in the automobile trade and the motor car insurance world in establishing the year model of a car. To say that it is recognized by all automobile dealers is too sweeping a statement. The expert called by the plaintiff said of the "Red Book:" "It is the only thing we have to determine the year of a car. . . ." If this be true, then the "Red Book" is the final authority in determining the year model of an automobile, and if it is to have this decisive character, its authority should be established with more evidence and more particularity than appears in this record.

Outside of the "Red Book" the great weight of the evidence was with the defendants, although even in these days of speed it is somewhat difficult to believe that a "Chrysler 1930 Imperial roadster" was manufactured in the spring of 1929, as this car undoubtedly was.

And now, April 1, 1932, the first and third additional reasons for a new trial are sustained, the motion for a new trial is allowed, and a new trial is granted.

From Aaron S. Swartz, Jr., Norristown, Pa.